# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **GLOVIS AMERICA, INC.**  )<br>)<br>    **Plaintiff,**  )<br>)<br>v.  )<br>)<br>**SABIC INNOVATIVE PLASTICS US**  )<br>**LLC,**  )<br>)<br>)<br>    **Defendant.**  )<br>) | Civil Action No.<br><br>_____ |

## COMPLAINT

**COMES NOW**, Plaintiff Glovis America, Inc. ("Glovis"), by and through undersigned counsel, and hereby files this Complaint against Defendant SABIC Innovative Plastics US LLC ("SABIC"), upon personal knowledge with respect to itself and its actions and otherwise upon information and belief. In support of its Complaint, Glovis states as follows:

## PARTIES AND JURISDICTION

1. Glovis is a California corporation.

2. SABIC is a Delaware limited liability company with its principal place of business located in Houston, Texas.

3. Jurisdiction in the United States District Court for the Southern District of Alabama is appropriate pursuant to 28 U.S.C. § 1332(a) because complete diversity exists between the parties to this action and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. The citizenship of a corporation for purposes of diversity jurisdiction is the state of its incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c). The

citizenship of a limited liability company for purposes of diversity jurisdiction is the citizenship of its members. *Waite v. LVNV Funding, LLC,* No. CIV A 09-00295-KD-C, 2009 WL 1615996, at *1 (S.D. Ala. June 9, 2009). Diversity exists if all parties to the proceeding are citizens of different states. *City of Indianapolis v. Chase Nat'l Bank of City of New York*, 314 U.S. 63, 69 (1941). Here, Glovis's citizenship is California because it is incorporated in California and its principal place of business is located in California. Upon information and belief, SABIC's citizenship is Delaware because its member is a Delaware limited partnership.[1] Therefore, there is complete diversity of citizenship.

5. As set forth in further detail below, the amount in controversy arising out of SABIC's breach of contract is at least $440,181.29 which exceeds the $75,000 threshold.

6. Because SABIC purposefully directed its business activities to Mobile, Alabama and the claims at issue in this lawsuit arise out of and relate to those business activities, this Court has personal jurisdiction over SABIC.

7. Venue in the United States District Court for the Southern District of Alabama is appropriate pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Glovis's claims occurred in this district.

---

[1] To obtain information regarding SABIC's members, Glovis's counsel obtained SABIC's Texas Franchise Tax Public Information Report, which is a report required to be filed annually by corporations and limited liability companies authorized to do business in Texas. Per the Public Information Report, SABIC's sole member is SABIC US Holdings LP, a Delaware limited partnership ("SABIC Holdings"). To obtain information regarding SABIC Holdings's general and limited partners, Glovis's counsel obtained SABIC Holdings's corporate filings with the State of Delaware. Among other documents, Glovis's counsel obtained the Certificate of Amendment to the Certificate of Limited Partnership of SABIC Holdings, which is the most recent filing in the State of Delaware, which reflects that SABIC Holdings's sole general partner is SABIC Innovative Plastics GP B.V. ("SABIC GP"). Upon information and belief, SABIC GP is a Dutch entity. Glovis's counsel further avers that Glovis is unable to ascertain the names of the limited partners of SABIC Holdings.

## FACTUAL BACKGROUND

8.  Glovis is a logistics company providing ocean transportation, logistics advice, cargo space, loading/unloading, and packaging services.

9.  SABIC is a supplier of specialty engineering thermoplastics and other advanced materials.

10. As part of its business, Glovis regularly provides empty ocean containers, ocean export drayage delivery, container/chassis storage, and chassis repairs to its customers.

11. On March 21, 2022, SABIC submitted a "Customer Application Form" for purposes of receiving the above-described goods and services from Glovis.[2] A true and correct copy of the Customer Application Form is attached hereto as **Exhibit "A"**.

12. Beginning in March 2022, SABIC routinely sent e-mails to Glovis requesting, among other things, empty ocean containers from Glovis for SABIC's use (collectively, the "Purchase Orders").

13. In accordance with its ordinary business practice, upon delivery of the goods and services requested by SABIC, Glovis sent e-mails to SABIC providing proof of delivery and a subsequent demand for payment (collectively, the "Invoices").

14. On or about April 30, 2024, Glovis determined that certain amounts owed under the Invoices should have been paid to Glovis by SABIC but were not timely paid. The total amount owed, exclusive of attorneys' fees, charges, and other expenses, owed by SABIC to Glovis amounts to not less than $440,181.29 (the "Indebtedness" and collectively with such attorneys' fees, charges, and other expenses, the "Obligations").

---

[2] SABIC is mistakenly listed on the Customer Application Form as "SABIC INNOVATIVE PLASTICS US INC.". Upon information and belief, there is no corporation in existence with such name.

15. On April 24, 2025, Glovis sent a letter to SABIC making written demand for the Indebtedness (the "First Demand Letter"). A true and correct copy of the First Demand Letter is attached hereto as **Exhibit "B"**.

16. On May 29, 2025, Glovis, through undersigned counsel, sent a second letter to SABIC making written demand for the Indebtedness (the "Second Demand Letter"). A true and correct copy of the Second Demand Letter is attached hereto as **Exhibit "C"**.

17. Despite demand, Glovis has received no payment from SABIC on the Indebtedness.

## COUNT I

## BREACH OF CONTRACT

18. Glovis affirms and incorporates by reference the allegations set forth in Paragraphs 1-17 above.

19. Glovis and SABIC entered into a valid and enforceable contract in the Customer Application Form, Purchase Orders, and the Invoices.

20. Glovis satisfied its obligations under the Customer Application Form, Purchase Orders, and the Invoices by performing all such obligations thereunder.

21. Despite demand, SABIC has failed to satisfy its obligations to Glovis under the Customer Application Form, Purchase Orders, and the Invoices by failing to remit certain payments to SABIC.

22. As a result of SABIC's failure to satisfy its obligations to Glovis, Glovis has been damaged.

23. Glovis is entitled to a judgment against SABIC in an amount not less than the Obligations, plus interest, fees, and expenses that continue to accrue.

## COUNT II

**UNJUST ENRICHMENT**

24. Glovis affirms and incorporates by reference the allegations set forth in Paragraphs 1-17 above.

25. SABIC requested certain goods and services be provided and performed by Glovis for the benefit of SABIC pursuant to the Customer Application Form, Purchase Orders, and the Invoices, wherein SABIC has been and is currently obligated to pay Glovis.

26. SABIC failed to pay Glovis the Indebtedness, as required by the Customer Application Form, Purchase Orders, and the Invoices, despite its obligations to do so. As a result, SABIC has appreciated all the benefits conferred by Glovis as a result of Glovis's performance undre the Customer Application Form, Purchase Orders, and the Invoices.

27. Accordinagly, SABIC's failure to pay the Indebtedness constitutes an unjust enrichment to the detriment of Glovis, for which Glovis must be compensated. It would further be inequitable for SABIC to retain the benefits it has procured from Glovis without paying the Indebtedness in full.

28. Glovis is entitled to a judgment against SABIC in an amount not less than the Obligations, plus interest, fees, and expenses that continue to accrue.

**PRAYER FOR RELIEF**

WHEREFORE, Glovis seeks the following relief:

(a) All damages caused by SABIC's unlawful actions in the amount of the Obligations, including pre- and post-judgment interest;

(b) Granting Glovis the costs of this suit, including reasonable attorneys' fees, expenses, and court costs; and

(c) Any such other legal, equitable, and further relief as the Court deems just, equitable, and proper.

Respectfully submitted this the 12th day of September, 2025.

                                                  */s/ Wes Bulgarella*
                                                  Evan N. Parrott
                                                  Wes Bulgarella

                                                  *Attorneys for Glovis America, Inc.*

**OF COUNSEL:**

**MAYNARD NEXSEN, P.C.**
11 North Water Street
RSA Battle House Tower, Suite 24290
Mobile, AL 36602
Tel. (251) 432-0001
eparrott@maynardnexsen.com

**MAYNARD NEXSEN, P.C.**
1901 Sixth Avenue North
1700 Harbert Plaza
Birmingham, AL 35203
Tel. (205) 254-1000
wbulgarella@maynardnexsen.com

## **CERTIFICATE OF SERVICE**

Glovis will serve Defendant with the Summons and Complaint via special process server.